| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>LORENA VELASQUEZ,<br>    *on behalf of J.V.*<br><br>                                    Plaintiff,<br><br>            -against-<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>                                    Defendant.<br>-------------------------------------------------------------X | <u>For Online Publication Only</u><br><br>**FILED**<br>**CLERK**<br>12/9/2019 12:23 pm<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br>    <u>**ORDER**</u><br>19-CV-04655-JMA |

**AZRACK, United States District Judge:**

      By Order to Show Cause dated November 22, 2019 (ECF No. 14), the Court ordered *pro se* plaintiff Lorena Velasquez ("Plaintiff") to file a Notice of Change of Address providing the Court with a new address at which Plaintiff can be contacted during the course of this litigation. Plaintiff was cautioned that a failure to timely comply with the Order to Show Cause will lead to the dismissal of the complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. However, the Order to Show Cause was returned to the Court and marked "Return to Sender," "Illegible," and "Unable to Forward." (ECF No. 16.) A copy of the docket sheet was similarly returned to the Court and marked "Return to Sender," "Refused," and "Unable to Forward." (ECF No. 17.) To date, Plaintiff has not updated her address, nor has she otherwise communicated with the Court since her October 29, 2019 letter. (ECF No. 12.)

      "The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" <u>Alomar v. Recard</u>, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting <u>Handlin v. Garvey</u>, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); <u>see also</u> <u>English v. Azcazubi</u>, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); <u>Thornton v. Moroney</u>, 13-CV-8912,

2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that *pro se* litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[] . . . of any change of address."). As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact Plaintiff. Pagan v. Westchester Cty., 12-CV-7669, 2014 WL 4953583, at *5 (S.D.N.Y. Oct. 1, 2014) ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." Mercedes v. New York D.O.C., 12-CV-2293, 2013 WL 6153208, at *2 (S.D.N.Y. Nov. 21, 2013); Thornton, 2014 WL 2805236, at *2.

Accordingly, given Plaintiff's failure to keep her address current, the Court is unable to communicate with her. Because it appears that Plaintiff has abandoned this case, her complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the last known address, to enter judgment, and to mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: December 9, 2019
      Central Islip, New York

                                          /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE